Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON BRAXTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN MARSHALL, Warden,<br><br>　　　　Respondent. | Case No. CV 05-7977 CJC(JC)<br><br>(PROPOSED)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation").

The Court approves and adopts the United States Magistrate Judge's Report and Recommendation except to the extent it relies upon Hayward v. Marshall, 512 F.3d 536, 542 (9th Cir. 2008), vacated and reh'g granted, __ F.3d __, 2008 WL 2131400 (May 16, 2008), because such decision was vacated subsequent to the issuance of the Report and Recommendation.[1]

---

[1] Specifically, this Court notes the following with respect to the Hayward references in the Report and Recommendation: (1) the proposition for which Hayward is cited on page 10 at line

(continued...)

IT IS HEREBY ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the United States Magistrate Judge's Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 10, 2008

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
7 is independently supported by Sass v. California Bd. Of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006); (2) the proposition for which Hayward is cited on page 11 at line 15 is independently supported by the subsequently cited case In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005); (3) the proposition for which Hayward is cited on page 11 at line 26 is independently supported by the California Code of Regulations, title 15, section 2402; (4) the proposition for which Hayward is cited on page 11 n.14 is independently supported by Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007); (5) the proposition for which Hayward is cited on page 13 at line 1 is independently supported by In re Lee, 143 Cal. App.4th 1400, 1408 (2006), and In re Scott, 133 Cal. App. 4th 573, 595 (2005); (6) the proposition for which Hayward is cited on page 13 at line 11 is independently supported by In re Lee, 143 Cal. App.4th 1400, 1408 (2006); (7) the proposition for which Hayward is cited on page 13 at line 27 is independently supported by Biggs v. Terhune, 334 F.3d 910, 916-17 (9th Cir. 2003); and (8) the proposition for which Hayward is cited on page 14 at line 6 is independently supported by the California Constitution, Article 5, Section 8(b) and In re Rosenkrantz, 29 Cal. 4th 616, 625-26 (2002), cert. denied, 538 U.S. 980 (2003). Further, although the Report and Recommendation discusses and distinguishes Hayward on pages 18 and 19 of such Report and Recommendation, such discussion and distinction are unnecessary in light of Hayward being vacated. Further, the excision of such discussion from the Report and Recommendation does not alter the ultimate findings which this Court adopts, that the Governor's reliance on the commitment offense in this case did not violate due process and that the state court's determination that the nature of the offense alone constituted a sufficient quantum of evidence to support the Governor's denial of parole was not contrary to, nor involved an unreasonable application of clearly established federal law, nor resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

2